IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RUBEN OLVERA CONTRERAS                                     PLAINTIFF

VS.                         CASE NO. 2:08CV00162 JLH/HDY

BILL WISCHKAEMPER                                          DEFENDANT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the

>   hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

Ruben Olvera Contreras, in federal custody in Forrest City, Arkansas, brings this action against Bill Wischkaemper, a Texas attorney who represented Mr. Contreras on the criminal charges which resulted in his incarceration. The complaint was originally filed in state court, and removed to this Court by the defendant. The complaint consists of the following:

>   \*   Three pages of an "Amended Complaint Bill in Equity." This document is purportedly "Within Admiralty" and "By Special Visitation." The document claims that Contreras is a resident of Arkansas and that Wischkaemper does business in Texas and Arkansas. Contreras indicates that he has established a "judgment in estoppel" via a Certificate of Protest, and asks this Court to order Wischkaemper to pay him $5,000,000.00.

\*   Attached to the amended complaint is a "Protest Notice," in which Ruben Olvera Contreras is described as a "ship or vessel." This document seems to indicate that an affidavit was submitted in November of 2007. The affidavit apparently declared that Wischkaemper attacked and damaged the "vessel" and failed or refused to respond to a request to pay for the damages to the "vessel." As a result of this failure to respond, the "Protest Notice" seeks restitution of $5,000,000.00. The notice is notarized by Jose M. Moreno on January 8, 2008, in Fresno, California.

\*   Also attached to the amended complaint is a "Notice of Dishonor" dated January 23, 2008. This document, also notarized by Mr. Moreno, appears to state that Wischkaemper, by "silence," failed to respond to the "Protest Notice."

\*   Finally, the plaintiff attaches a "Commercial Affidavit" to the amended complaint. This document, dated November 13, 2007, and addressed to Bill Wischkaemper, indicates that Wischkaemper represented Contreras in his criminal proceedings in Texas and that Contreras was dissatisfied and asked for a refund of funds paid by Contreras. Citing the Uniform Commercial Code, the affidavit further notifies Wischkaemper that unless he responds to the affidavit within ten days "means you assent to this Commercial Affidavit in the sum certain: Five Million united States Dollars."

Mr. Wischkaemper, through counsel, seeks dismissal of the case and has filed both a motion to dismiss and a supplemental motion to dismiss. In the motion to dismiss, the defendant asserts the following justifications, among others, for dismissal: Failure to state facts entitling plaintiff to relief – Complaint makes no sense; Fraud on the court; Lack of personal jurisdiction over the defendant;

Failure to state facts entitling plaintiff to relief – no actual innocence was or can be pled; and failure to state facts entitling plaintiff to relief – judicial estoppel.  In the supplemental motion to dismiss, the defendant offers expanded support for his argument that the complaint constitutes fraud on the Court:

> The use of UCC filings by prisoners is presumptively fraudulent, as several courts have found, often in the context of plaintiff filing a complaint and the court dismissing under PLRA. *See, e.g., Bartz v. Van De Graaf,* 2008 U.S. Dist. LEXIS 53769 (D. Vt. 2008) (prisoner sued over his conviction):
>> Bartz's claim that he is entitled to relief on the basis of liens arising out of his prosecution is clearly without merit. Indeed, "[t]he abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented." *Hudson v. Caruso,* 2007 U.S. Dist. LEXIS 60276, 2007 WL 2363308, at *5 (parenthetical in original) (collecting cases); *United States v. Martin,* 356 F. Supp. 2d 621 (W.D. Va. 2005) (prisoner filed fraudulent UCC financing statements naming himself as the secured party for a $108,000,000.00 debt owed him by various government officials); *United States v. Brum,* 2005 U.S. Dist. LEXIS 21208, 2005 WL 1606584 (E.D. Tex. July 1, 2005) (prisoner filed fraudulent liens and UCC financing statements against the judge and prosecutor involved in his criminal conviction).
>> Bartz's complaint and numerous other filings show no evidence of any actual bonds or legitimate security interests. Instead, his filings are replete with unsupported and conclusory statements which, he claims, show a right to relief. The idea that a criminal conviction would give rise to enforceable liens against both the prosecution and defense counsel, and that enforcement of those liens would result in release of the plaintiff and substantial money damages, is "wholly incredible." *See Denton v. Hernandez,* 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) ("finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). The complaint in this case is, therefore, DISMISSED as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(I); *McGann v. Commissioner,* 96 F.3d 28, 30 (2d Cir. 1996).
> *Accord: Rodriguez-Isona v. Rendell,* 2008 U.S. Dist. LEXIS 32072 (M.D. Pa.

>    2008). Courts have also held that prisons can search and seize and confiscate
>    bogus UCC materials from prisoners' cells. *See, e.g., McNeil-El v. Diguglielmo,*
>    271 Fed. Appx. 283 (3d Cir. 2008); *Frazier v. Diguglielmo,* 2008 U.S. Dist.
>    LEXIS 49546 (E.D. Pa. 2008); *Roberts v. Obradovich,* 2008 U.S. Dist. LEXIS
>    31438 (W.D. Mich. 2008).
>        4. Therefore, plaintiff is not before in the court in good faith or with clean
>    hands.
>        5. While there are other grounds to dismiss this case, defendant urges the court
>    to dismiss on this ground, too, to show disapproval of the practice of using bogus
>    UCC documents to create civil liability where none exists. The fact it has
>    happened here could be the tip of the iceberg. We do not know how many other
>    inmates in Forrest City FCI have attempted this, but the court should put an end to
>    it here.

Docket entry no. 4, pages 2-3.

The plaintiff has submitted a response to the motions to dismiss, although the pleading is confusing and not responsive to the issues raised by the defendant.

We recommend that the petition be dismissed for a variety of reasons. First, the plaintiff does not state facts entitling him to relief as required under Federal Rule Civil Procedure 12. It is not possible to say with certainty the nature of the claim Mr. Contreras is attempting to advance. It is possible that the case may be one for contract violation, or for legal malpractice, or perhaps a case in admiralty. However, the plaintiff bears the burden of sparing the Court the guesswork on this issue. Second, there is no personal jurisdiction of the respondent[1] and dismissal is proper on that basis. Finally, to the extent that Mr. Contreras is attempting to use the Court to validate a fictitious lien of some sort, this constitutes a fraud on the Court, and the case should be dismissed on this basis.

Based on the foregoing, we recommend that the complaint be dismissed with prejudice

---

[1] See affidavit of Bill Wischkaemper, indicating that he has "no contacts with the state of Arkansas, own no property in the state of Arkansas and am not licensed to practice law in the state of Arkansas." Attachment to docket entry no. 4.

and the relief requested be denied.

      IT IS SO ORDERED this __2__ day of October, 2008.

 

                                          UNITED STATES MAGISTRATE JUDGE